Amy G. Langerman, #009174
951 Coronado Avenue
Coronado, CA  92118
(619) 437-4579
(619) 437-4580 (Facsimile)
alangermanlaw@aol.com

Attorney for <u>Defendants</u>

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deer Valley Unified School District,<br><br>　　　　Plaintiffs/counter-defendants,<br>　vs.<br><br>L. P., Student, by and through Parent Krystal Schripsema,<br><br>　　　　Defendant/counter-claimants. | Case No.:  CV 11-02297-PHX-ROS<br><br>**Answer and Counterclaim for Attorneys' Fees and Expenses Under the IDEA** |

For his answer to Plaintiff's Complaint, Defendant, L.P., a minor Student, by and through his parent, Krystal Schripsema, admits, denies and alleges as follows:

Defendant denies every allegation of the Complaint not specifically admitted in this Answer.

Paragraphs 1-3 state legal conclusions to which no response is necessary. To the extent that the court requires a response, Defendant admits jurisdiction and venue are proper in this court.

Defendant admits the allegations in Paragraphs 4 and 5.

1

With respect to paragraph 6 of the Complaint, Defendant denies that Deer Valley Unified School District (hereinafter "plaintiff" or "the District"), offered student an individualized education program (IEP) that was properly developed by an IEP team and that would have provided student a free and appropriate public education (FAPE); Defendant affirmatively asserts that the Office of Administrative Hearings, through the Honorable Eric Bryant, specifically has found, as a matter of fact, that the District violated the IDEA's procedural and substantive mandates. Judge Bryant held that the District "completely shut Parent out of the initial decision making as to which special school could best serve student's needs" and offered a placement that was not an appropriate placement under Student's Individual Education Plan (IEP) because it "did not have the right population of children such that it can offer educational benefit to Student".  Defendant admits that as a result of the District's procedural and substantive violations of the IDEA, parent exercised her legal right to unilaterally place student at Sierra Academy, a private day school approved by the Arizona Department of Education to provide special education to students with autism and appropriately sought reimbursement at public expense through the meritorious due process complaint that was filed.

With respect to paragraph 7 of the Complaint, Defendant admits that a due process complaint was filed on Student's behavior with the Arizona Department of Education (ADE) which sought reimbursement of the cost of Student's education at Sierra Academy and an order requiring the District to prospectively maintain student's enrollment at Sierra.

Defendant admits the allegations in paragraph 8.

With respect to Paragraph 9 of the Complaint, Defendant admits that Administrative Law Judge Bryant issued a thorough and reasoned decision granting all of the relief requested in the due process hearing. Defendant admits that the decision of Judge Bryant is attached to the complaint and asserts that it speaks for itself. Defendant admits that Judge Bryant concluded that Deer Valley denied student a FAPE by completely shutting his parent out of the initial decision making process as to which special school would be appropriate to meet student's unique needs. Defendant admits that Judge Bryant also concluded that the District denied student a FAPE by selecting a school that was not appropriate for student and would not provide him with educational benefit. Defendant denies that Judge Bryant "granted parent a right to veto team decisions and to unilaterally encumber public funds" as asserted in the Complaint and affirmatively states this is hyperbole by a disgruntled litigant. Defendant specifically asserts that there was NO team decision made, and that the only "veto" involved was the District's secret and unilateral decision made outside the IEP process to select a school that was not appropriate and would not provide educational benefit to student.

Defendant denies each and every of the allegations in paragraph 10 (i) – (iv) and affirmatively asserts that Judge Bryant's decision is thorough and well-reasoned, that his factual conclusions were NOT clearly erroneous and that his legal conclusions were correct. Specifically, defendant asserts:

    (i)    Judge Bryant properly determined that the issue of what school would be appropriate for student was a decision for the entire IEP team, including parent, because of student's unique needs, his IEP goals, and the different populations and methodologies used by different schools that serve students with autism, a "spectrum disorder". Judge Bryant's decision was consistent with his prior ruling in *J.H. v. Coolidge*, 11C-DP-002-ADE (2010) as well as other district and circuit court of appeal decisions interpreting the IDEA.

    (ii)    Judge Bryant properly concluded that the district's procedural violation in shutting out the parent completely from the decision making process was, by itself, a substantive denial of FAPE. Judge Bryant's decision is consistent with 9th Circuit precedent concerning the impact of predetermination on parental participation. *Shapiro v. Paradise Valley Unified School Dist.*, 317 F. 3d 1072, 1079 (2003) and *Amanda J. v. Clark County Sch. Dist.*, 267 F. 3d 877, 895 (9th Cir. 2001) (both declining to even address whether a proposed IEP would substantively provide FAPE because the district predetermined placement thus precluding parent from the participation that is mandated by the IDEA.

    (iii)    Judge Bryant properly determined as a matter of fact that the school selected by the district would not provide a FAPE to student and would

not provide educational benefit to student. This conclusion was supported by the record and is not clearly erroneous.

(iv) Judge Bryant did NOT engage in ANY analysis about which placement was best. Judge Bryant specifically found that the district's pro-offered placement was NOT appropriate and that the placement that parent had selected was appropriate. Both findings are amply supported by the record and are not clearly erroneous.

(v) Judge Bryant specifically considered all of the evidence concerning Sierra Academy and concluded that it was appropriate. This factual finding is supported by the record and is not clearly erroneous.

(vi) Judge Bryant did not err as a matter of law by failing to analyze whether Sierra Academy constitutes the least restrictive environment (LRE) in which student can be educated. LRE is not a consideration when analyzing the appropriateness of a parentally chosen placement.[1]

---

[1] *Cleveland Heights-University City Sch. Dist. v. Boss*, 144 F.3d 391, 399 (6th Cir. 1998)(at n7); *Knable v. Bexley City Sch. Dist*. 238 F. 2d 755, 770 (6th Cir. 2001); accord *Warren G. v. Cumberland County Sch. Dist*., 1999 WL 643168 (3rd Cir. 1999). See also *Board of Educ. V. Illinois State Bd. Of Education*, 41 F. 3d 1162, 1168 (7th Cir. 1994), cited with approval in *Seattle School Dist. No. 1v. B.S.,* 82 F. 3d 1493, 1502 (9th Cir. 1996) (where school district failed to propose a satisfactory alternative, court was not required to locate another school that would satisfy the least restrictive requirement based on the entire pool of schools available, but rather was required simply to determine whether that one available choice would provide an appropriate education).

With respect to the Complaint's prayer for Relief, defendant specifically asserts that the District is not entitled to any relief and that the District's request for fees and costs is without any legal basis under the IDEA and is interposed for an improper purpose, specifically intimidation.  The request for fees is not made in good faith; it is not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.  As such, plaintiff's request for fees violates Rule 11 of the Federal Rules of Civil Procedure and should be subject to sanctions.

WHEREFORE, having answered the Complaint, defendant prays that Plaintiff takes nothing thereby and that the Court enter judgment against plaintiff dismissing Plaintiff's action in its entirety with prejudice and awarding defendant its reasonable fees and costs (including attorneys' fees and expenses under the IDEA) as provided by law and all other relief as the court deems just and proper, specifically under Rule 11 of the Rules of Civil Procedure relating to plaintiff's improper claim for attorneys' fees in this matter.

## COUNTERCLAIM

Counter-claimant, L. P., a minor, by and through his parent, Krystal Shripsema, brings this counterclaim to establish that counterclaimant is a prevailing party and entitled to an award of attorneys' fees and costs in connection with the underlying administrative hearing.  The administrative hearing was brought pursuant to 20 U.S.C. §1415 (i)(3)(B) of the Individuals with Disabilities Education Act (IDEA).  Counterclaimant is seeking fees and costs (taxable and non-taxable) incurred to compel Deer Valley Unified School

District (plaintiff-counter-defendant) (hereinafter "the District") to comply with the requirements of the IDEA and pursue this cause of action.

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that it arises under 20 U.S.C. §1415 (i)(3)(B) of the Individuals Disability Education Act (IDEA).

2. Jurisdiction is vested in this Court under the IDEA, 20 U.S.C. §1415 (i)(3)(A). Venue in the Court is also proper under 28 U.S.C. §1391(b).

3. Counterclaimant is a minor student residing with his parent, Krystal Schripsema within the boundaries of the District.  At all times material hereto, student was a student with disabilities and eligible for special education and related services under the IDEA. The District is a public school district duly organized and existing under the laws of the state of Arizona and, at all times material hereto, was the Local Education Agency responsible for providing a Free and Appropriate Public Education (FAPE) for student.

4. On July 21, 2011, parent filed a due process complaint on Student's behalf with the Arizona Department of Education. The case was assigned to the Honorable Eric Bryant, Administrative Law Judge and given the case number 12C-DP-001-ADE.  Judge Bryant heard testimony, received exhibits and issued a comprehensive, detailed and well-reasoned decision on November 1, 2011. In the decision, Judge Bryant ordered the relief requested by the parent. A copy of the decision was attached as Exhibit A to plaintiff's

complaint and is a matter of record. Defendant requests that the Court take official/judicial notice of the decision.

5. Counterclaimant is a prevailing party pursuant to 20 U.S.C. §1415 (i)(3)(B) and is entitled to an award of reasonable attorneys' fees and costs (taxable and non taxable) in the administrative proceedings, plus such additional fees and costs as may be incurred to present this complaint for fees (See *Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F. 2d 1280, 1286 (9th Cir. 1991).

6. Counterclaimant retained counsel to pursue and vindicate student's rights under the IDEA. Attorneys' fees will be sought based upon the number of hours reasonably expended to pursue student's federally protected rights multiplied by the prevailing market rates in the community for services by attorneys with skill, experience and reputation comparable to those of counterclaimant's counsel in the administrative hearing as well as counsel in this court. *Blum v. Stenson*, 465 U.S. 886, 895-6 n. 11 (1984). Counterclaimant will seek reasonable rates based on current, rather than historic, hourly rates for attorneys. *Missouri v. Jenkins*, 491 U.S. 274,284 (1989). Counterclaimant will submit appropriate documentation and affidavits to support the claim for fees and costs in this case.

7. Counter-claimant is requesting interest as a matter of law from the time judgment for fees and costs is entered pursuant to 28 U.S.C.§1961.

Wherefore, counterclaimant demands judgment against Counterdefendant, Deer Valley Unified School District, and prays for the following relief:

a. An Order declaring counterclaimant as the prevailing party.

b. Judgment for reasonable attorneys' fees and costs (taxable and non taxable) incurred in the administrative proceedings, and for pursuing this complaint for fees and costs in this court, which amounts will be established by motion filed pursuant to the local rules of procedure for the district court.

c. Post Judgment interest on the Judgment.

Dated this 12th day of December, 2011.

                              Amy Langerman, P.C.

                        By: *s/ Amy G. Langerman*_____
                            Amy G. Langerman (State Bar No. 009174)
                            951 Coronado Avenue
                            Coronado, CA 92118
                            Attorney for Defendant-Counterclaimant

## **Certificate of Service**

I hereby certify that on the 12th day of December, 2011, I electronically transmitted the foregoing Answer and Counterclaim to the Clerk's office using the ECF system for fling and an electronic copy was transmitted to the following ECC registrants:

Karl Widell
Gust Rosenfeld, P.L.C.
One E. Washington, Suite 1600
Phoenix, AZ 85004
Counsel for Plaintiffs

                            /s/ *Amy G. Langerman*
                            _____